IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01594-MJW

WILLIE DWAYNE CLARK,

Plaintiff,

v.

RICK RAEMISCH, in his official and individual capacities,
ANGEL MEDINA, in his individual capacity,
LOU ARCHULETA, in his individual capacity,
TINO HERRERA, in his individual capacity,
LARRY TURNER, in his individual capacity,
TRAVIS TRANI, in his individual capacity,
DENNIS BURBANK, in his individual capacity,
CHRIS BARR, in his individual capacity,
JAMES OLSON, in his individual capacity,
CORRECTIONS CORPORATIONS OF AMERICA, a Maryland Corporation,
TODD THOMAS, in his individual capacity,
BEN GRIEGO, in his individual capacity,
JODY BRADLEY, in his individual capacity,
NICK PASTELLA, in his individual capacity, and
NICK CARRIER, in his individual capacity,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

On January 26, 2015, plaintiff's then counsel and defense counsel filed a Consent Form Pursuant to Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judge (Docket No. 46), which was amended the following day (Docket No. 50).  Chief Judge Marcia S. Krieger issued an Order of Reference referring the matter to Magistrate Judge Watanabe for all purposes pursuant to the Pilot Program and 28 U.S.C. § 636(c).  (Docket No. 49).

Thereafter, plaintiff's counsel was granted leave to withdraw.  (Docket No. 69).  Counsel indicated in her motion to withdraw that she had agreed to represent plaintiff *pro bono,* but she was unable to allot the time and resources necessary to work on this case.  (Docket No. 67 at 2).  Plaintiff was aware of these circumstances and agreed that it was best for his counsel to withdraw so that he can continue to pursue his claims.  (Docket No. 67 at 2).

2

Subsequently this court granted another attorney leave to provide limited scope representation pursuant to D.COLO.LAtty 2(a) for the limited purpose of responding to the pending motions to dismiss (Docket Nos. 70 and 71).

Now before the court is a Notice of Revocation of Consent to Magistrate Jurisdiction (Docket No. 76) which was filed by the pro se plaintiff. Defendants have filed a response in opposition to plaintiff's Notice. (Docket No. 78).

In his Notice, which the court is construing as a motion, plaintiff states that

1. During the time of the decision [to consent] plaintiff was represented by counsel who had convinced him that Magistrate Judge Watanabe was his best bet due to her familiarity with him and the observational knowledge she possesses.

2. Plaintiff is now pro se and prefers to have his civil suit drawn to a presiding judge.

(Docket No. 76).

The court finds that the pro se plaintiff has established good cause and extraordinary circumstances for the withdrawal of his consent under the Pilot Program. Plaintiff's *pro bono* counsel had represented to plaintiff that consent should be given because counsel was familiar with Magistrate Judge Watanabe and due to the knowledge she possessed. Counsel, however, is no longer representing plaintiff, and plaintiff prefers to have his case drawn to a District Judge. It is thus hereby

ORDERED that the plaintiff's Notice of Revocation of Consent to Magistrate Jurisdiction (Docket No. 76), which this court has construed as a motion, is granted. The Clerk shall redraw this case to a District Judge.

Date: July 30, 2015